CHARLES CLIFFORD *vs.* NORTHERN PACIFIC RAILROAD CO.

Submitted on briefs Oct. 16, 1893.    Reversed Oct. 27, 1893.

No. 8516.

**Costs in actions for labor or services.**
>    The costs allowed upon the recovery of the price or value of labor or services by Laws 1891, ch. 41, may be recovered by an assignee of the person rendering the labor or services.

Appeal by plaintiff, Charles Clifford, from a judgment of the Municipal Court of the City of St. Paul, entered November 28, 1892.

During the month of June, 1892, O'Malley, a switchman, worked for the defendant, the Northern Pacific Railroad Company at its request seven days at $2.50 per day.    He assigned his claim for wages to plaintiff who demanded of the company $17.50.    After the expiration of thirty days he brought suit before Eric Olson, a Justice of the Peace of St. Paul to recover the amount.    The defendant answered denying a part of the indebtedness.    At the trial on September 26, 1892, plaintiff had judgment for the amount of his claim and his disbursements.    But the Justice refused to include in the judgment $5 statutory costs given by Laws 1891, ch. 41, upon a recovery in Justice's Court for labor or services. Plaintiff appealed to the Municipal Court on questions of law alone. There the judgment of the Justice was, after argument affirmed and the plaintiff's claim for $5 costs disallowed.    Defendant had judgment for its costs in that Court.    Plaintiff appealed to this Court and under Rule XV. the parties submitted on their printed briefs.

*R. A. Walsh,* for appellant.

*T. R. Selmes* and *Lawler, Durment & Bigelow,* for respondent.

GILFILLAN, C. J.    In this case is raised the question whether the costs upon recovery by action of the price or value of labor or services allowed to the plaintiff are to be allowed him when he sues for and recovers such price or value as the assignee of the person who rendered the labor or services.

There is nothing in the terms of the statute (Laws 1891, ch. 41)

to indicate the contrary. It provides that, if "the same [the price or value] shall be recovered by action," (without limitation to a recovery by the person rendering the labor or services,) "there shall be allowed and taxed for the plaintiff," etc., who may be the original owner of the claim, or his personal representative or assignee. It is a general rule that an assignment of an assignable cause of action takes with it all the remedies of the assignor. The legislature must, in passing this statute, have had in mind that the claim for labor or services might be assigned, and that the assignee might recover; but there is in the statute a suggestion, at least, of careful avoidance of such words or form of expression as would indicate an intent to make the right to the costs, given by it, personal to the one rendering the labor or services. The words used attach the right to the cause of action, and not to the person.

Judgment reversed.

(Opinion published 56 N. W. Rep. 590.)